UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:23-cr-20053-2

v.                                            Honorable Thomas L. Ludington
                                                    United States District Judge

DEVIN PULLINS,

        Defendant.
_____/

**OPINION AND ORDER GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Defendant seeks to appeal his judgment and sentence and, to that end, has filed a motion for leave to appeal *in forma pauperis*. As explained hereafter, Defendant's Motion will be granted.

**I.**

On January 25, 2023, Defendant was indicted for conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) and 846. ECF No. 1. He retained counsel to represent him. ECF No. 16.

In November 2023, Defendant pleaded guilty absent a Rule 11 plea agreement, *see* ECF Nos. 79; 82, and his guilty plea was accepted on December 1, 2023, ECF No. 91. In April 2024, he was sentenced to 160 months' imprisonment followed by five years of supervised release. ECF No. 110 at PageID.626–27.

Six days after sentencing, Defendant appealed his judgment and sentence. ECF No. 112. Shortly thereafter, the Sixth Circuit Court of Appeals granted Defendant's retained counsel's request to withdraw from representing Defendant on appeal. ECF No. 116. Pending before this

Court is Defendant's Application to proceed *in forma pauperis* on appeal.[1] ECF No. 114. Defendant reports he is incarcerated and has no income and no assets. *Id.* at PageID.649–50. Defendant does not identify what issues he intends to raise on appeal. *Id.*

## II.

Under the Criminal Justice Act (CJA), a criminal defendant "financially unable to obtain" counsel is entitled to counsel, regardless of the merits of the case. 18 U.S.C. § 3006A(a)–(b). And a defendant who receives counsel under the CJA may file an appeal without prepayment of the required fees and costs. *Id.* § 3006A(d)(7).

"Because every criminal defendant has the right to a direct appeal, district courts should not consider the merits when deciding pauper status for a direct appeal; the district court should only determine whether the defendant is financially eligible for *in forma pauperis* status under the CJA." *United States v. Hernandez*, No. 1:19-CR-20463, 2023 WL 2300481, at *2 (E.D. Mich. Feb. 17, 2023) (collecting cases).

Defendant is currently imprisoned and submitted a financial affidavit reflecting that he is not employed, has no cash, and owns no property. ECF No. 114 at PageID.649–50. He further avers he has medical debt and a young daughter he is currently unable to financially support. *Id.* at PageID.650. True, Defendant had retained counsel at the district court. ECF No. 16. But the cost of retained counsel was covered by Defendant's family, *see* ECF Nos. 45 at PageID.117 (sealed); 52 at PageID.166 (sealed), and—more importantly—Defendant's current financial circumstances suggest he neither is financially able to retain counsel nor able to pay the $505

---

[1] Although Defendant's Application is titled "Application to Proceed in District Court without Prepaying Fees or Costs," this Court will construe it as an application to proceed *in forma pauperis* on appeal. *See* ECF No. 114.

- 2 -

required to file a direct appeal. For these reasons, Defendant will be granted pauper status under the CJA, and his Motion will be granted.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* on Appeal, ECF No. 114, is **GRANTED**.

Dated: August 8, 2024                               s/Thomas L. Ludington
                                                                         THOMAS L. LUDINGTON
                                                                         United States District Judge